UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | | |
|---|---|---|
| JARREN L. AUSTIN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CIVIL NO. 1:93cv217 |
| | ) | |
| JOHN NIBLICK, Individually and in | ) | |
| his Official Capacity, | ) | |
| | ) | |
| Defendant. | ) | |

OPINION AND ORDER

This matter is before the court on a Motion Requesting Extension of Time and Clarification on the Court's Judgment and Order Dated February 23, 1995, filed by the Plaintiff, Jarren L. Austin ("Austin"), on December 16, 2014. Austin is proceeding *pro se*.

Also before the court is a Motion to Intervene, filed by the City of Fort Wayne ("City"), on December 29, 2014. Austin responded to the motion on January 12, 2015, to which the City replied on January 22, 2015.

For the following reasons the Motion for Extension of Time and Clarification will be held under advisement pending further briefing, and the Motion to Intervene will be granted.

Discussion

On August 24, 1993, Austin, represented by Attorney Quinton Ellis, filed a Section 1983 action against Officer John Niblick and Other Unknown Officers, Individually and in Their Official Capacity. Austin alleged he was physically abused during an arrest the officers allegedly effectuated on August 25, 1991. Officer Niblick was no longer an officer with the Fort Wayne Police Department at the time the Complaint was filed. However, the City Attorney, J.

Timothy McCauley, entered an appearance for the "Unknown Officers".  McCauley filed a motion to dismiss on behalf of the Unknown Officers.  Austin then filed a Stipulation for Dismissal with Prejudice, which was granted on February 25, 1994.  The Order stated that "the Court now dismisses the above-captioned cause of action, with prejudice, as to the City of Fort Wayne and the Defendants designated 'Other Unknown Officers'".

Austin continued with his suit against Officer John Niblick.  However, Niblick could not be found and Austin was unable to effectuate service of process.  After receiving several extensions of time to effectuate service, and hiring a private investigator, Austin discovered only that Niblick was supposedly living "somewhere in Florida".    On April 20, 1995, Austin filed Proof of Publication with the court, indicating that on January 26, 1995, Austin had published a legal notice in The News-Sentinel, a daily newspaper of general circulation.

Niblick never responded to Austin's Complaint, and on July 27, 1995, Austin filed a motion for default and a motion for default judgment.  On August 3, 1995, a Clerk's Entry of Default was entered.  On September 8, 1995, the undersigned held a default judgment hearing. Austin appeared at the hearing, represented by Attorney Ellis, and presented evidence of medical expenses and pain and suffering.  On this same date, the court entered a default judgment in favor of Austin against defendant John Niblick, in the total amount of $16,998.36.

On December 16, 2014, Austin, who had never been able to find Niblick and recover his judgment, filed the current Motion Requesting Extension of Time and Clarification of the Court's Judgment and Order Dated February 23, 1995.   There is no Order dated February 23, 1995.  However, there is an Order dated February 25, 1994, which order dismissed, pursuant to stipulation, the City of Fort Wayne and the Unknown Officers.   The court presumes Austin is

requesting clarification of the February 25, 1994 Order.

In his motion, Austin states that on July 23, 2014 he sent a demand to the City of Fort Wayne, asserting that the City of Fort Wayne, the Fort Wayne Police Department, and the City of Fort Wayne Risk Management Division are all responsible for paying the outstanding judgment because Niblick was sued in his official and individual capacity. Austin now requests $225,000.00, which represents his calculation of the initial judgment plus interest. On December 1, 2014, Attorney Malak Heiny, on behalf of the City of Fort Wayne, sent Austin a letter stating that "[t]he City is not responsible for payment of this judgment, as the City is not the named defendant. The judgment is solely against Officer John Niblick, in his individual capacity."

After Austin filed his motion for clarification, the City of Fort Wayne, by Attorney Carolyn Trier, moved to intervene pursuant to Rule 24 of the Federal Rules of Civil Procedure, in order to properly defend the City's interest. Austin objects to the motion to intervene, arguing that the City should have intervened when the suit was filed and should not now be able to intervene.

Rule 24 of the Federal Rules of Civil Procedure does not specify a time limit for filing the motion. Rule 24 provides for Intervention of Right to anyone who "claims an interest relating to the property or transaction that is the subject of the action..." As the subject of the action is now the judgment (plus interest) which Austin expects the City to pay, it is clear that the City has the right to intervene. Accordingly, the motion to intervene must be granted. The court will hold Austin's motion for clarification under advisement, pending further briefing.

## Conclusion

On the basis of the foregoing, the City's motion to intervene [DE 34] is hereby

GRANTED.   Further, Austin's motion for clarification [DE 30] is hereby TAKEN UNDER

ADVISEMENT. The City is ORDERED to respond to Austin's motion within 30 days of the

date of this Order.  Austin may file a reply within 20 days thereafter.


 Entered: February 18, 2015.


                                        s/ William C.  Lee
                                        William C. Lee, Judge
                                        United States District Court