```
                    UNITED STATES DISTRICT COURT
                    NORTHERN DISTRICT OF INDIANA
                         FORT WAYNE DIVISION
```

| | |
|---|---|
| JARREN L. AUSTIN, | ) |
| Plaintiff, | ) |
| v. | ) CIVIL NO. 1:93cv217 |
| JOHN NIBLICK, individually and in his official capacity, | ) |
| Defendant, | ) |
| and | ) |
| CITY OF FORT WAYNE, | ) |
| Intervenor. | ) |

## OPINION AND ORDER

This matter is before the court on a motion for summary judgment filed by the Intervenor, City of Fort Wayne ("City"), on April 29, 2016. The plaintiff, Jarren L. Austin ("Austin"), filed his response on May 27, 2016, to which the City replied on June 8, 2016.

For the following reasons, the motion will be granted.

### Discussion

The following facts are undisputed. Austin, represented by Attorney Quinton Ellis, filed a Complaint on August 24, 1993 against Officer John Niblick ("Niblick") and "other unknown officers individually and in their official capacity", alleging violations of his constitutional rights by Niblick. Attorney Ellis represented Austin when he filed the Complaint one day before the expiration of the statute of limitations. The Complaint alleges excessive force and unreasonable search and seizure against Niblick arising from Austin's arrest on August 25, 1991.

On February 23, 1994, Attorney Ellis and the Fort Wayne City Attorney, J. Timothy McCaulay, filed a Stipulation for Dismissal of the City of Fort Wayne and "unknown officers", with prejudice. On February 25, 2994, the Court entered an Order dismissing the City of Fort Wayne and the "unknown officers" with prejudice, which left Niblick as the only remaining defendant.

On August 3, 1995, a default judgment was entered against Niblick. A hearing on Austin's motion for default judgment was held on September 8, 1995. On September 8, 1995, a default judgment in the amount of $16,998.36 was entered against Niblick.

On December 16, 2014, more than nineteen years after obtaining the default judgment against Niblick, Austin filed a "Motion Requesting Extension Of Time And Clarification On The Court's Prior Judgment And Order Dated February 23, 1995". In that motion, Austin requested that this Court order the City to pay the judgment previously entered against Niblick as well as post-judgment interest. Austin states in that motion that on July 23, 2014 he sent a demand to the City seeking payment of the outstanding judgment against Niblick. Austin seeks $225,000, which he claims is the original default judgment against Niblick in the amount of $16,998.36, plus $208,001.64 in interest.

On February 18, 2015, this Court granted the City's motion to intervene in this case because the City obviously had an interest in the outcome of this litigation given Austin's request that the City pay the default judgment against Niblick and significant post-judgment interest. The Court took under advisement Austin's request for clarification of the prior judgment pending the City's response.

On March 9, 2015, the City filed its response to Austin's motion requesting extension of

time and clarification of the Court's judgment and order. On March 26, 2016, the City filed its supplemental response to Austin's motion.

On April 21, 2015, this Court entered an Opinion and Order in which it denied Austin's request for clarification and held that Indiana's indemnification statute, Indiana Code 34-13-4-1, "does not create a private right of action to sue a governmental entity, to compel the entity to pay a judgment entered against an employee." *Austin v. Niblick*, 2015 WL 1808998, *3 (N.D. Ind. 2015).

Austin appealed the decision to the Seventh Circuit Court of Appeals, which remanded on October 7, 2015. *Austin v. Niblick*, 626 Fed. Appx. 167 (7th Cir. 2015). The Seventh Circuit first considered Austin's filings as a Motion for Proceedings Supplemental under Rule 69 of the Federal Rules of Civil Procedure. The Seventh Circuit stated that Austin is requesting that the District Court enforce his judgment against a non-party, the City, and therefore "his request is properly construed as a motion for supplemental proceedings." 626 Fed. Appx. at 169. Turning to the indemnification statute, the Seventh Circuit held that a governing entity, like the City, shall pay any judgment against an employee if the entity determines that paying the judgment "is in the best interest of the governmental entity." *Id.* at 169-70.

The Seventh Circuit remanded this case for "further proceedings consistent with this order." In doing so, the Seventh Circuit observed that the parties were "free to litigate other issues about the indemnity obligation. For example, if properly raised, the district court may consider the timeliness of Austin's motion, given that he filed it nineteen years after the judgment was issued." *Id*. at 171.

In support of its motion for summary judgment, the City argues that it is entitled to the

3

defense of laches as a matter of law because Austin's delay in seeking indemnification is unreasonable, inexcusable, and is materially prejudicial to the City.

In *Hot Wax, Inc., v. Turtle Wax, Inc.*, 191 F.3d 813 (7th Cir. 1999), the Seventh Circuit explained the doctrine of laches as follows:

> "The equitable doctrine of laches is derived from the maxim that those who sleep on their rights, lose them. Laches addresses delay in the pursuit of a right when a party must assert that right in order to benefit from it. For laches to apply in a particular case, the party asserting the defense must demonstrate: (1) an unreasonable lack of diligence by the party against whom the defense is asserted and (2) prejudice arising therefrom." *Id*. at 820.

The Seventh Circuit consistently holds that the defense of laches bars an action when the plaintiff's delay in filing the claim is unreasonable, inexcusable, and is materially prejudicial to the defendant. *Smith v. Caterpillar, Inc.*, 338 F.3d 730, 733 (7th Cir. 2003). "Laches serves to protect defendants from prejudice caused by stale evidence, prolonged uncertainty about legal rights and status, and unlimited exposure to liability damages." *Id*.

In *Smith*, Rebecca Smith waited eight and one half years in filing her Title VII claim. The District Court determined that this delay was unreasonable and inexcusable. On appeal, Smith did not challenge this finding. Smith instead claimed that there was no material prejudice as a result of her delay. The Seventh Circuit Court of Appeals found that the defendant did suffer material prejudice as a matter of law. In addition, the Seventh Circuit stated, "The longer the plaintiff delays in filing her claim, the less prejudice the defendant must show in order to defend on laches." *Id*. at 733. *See also Hot Wax, Inc., supra* at 824 ("if the delay is lengthy, prejudice is more likely to have occurred and less proof of prejudice will be required").

The City argues that in the present case, as a matter of law, Austin's nineteen year delay

4

in seeking indemnification from the City is unreasonable and inexcusable. The City maintains that there is no basis whatsoever for Austin to have waited nineteen years. In addition, the City claims to have suffered prejudice as Austin is seeking over $200,000 in interest. Further, Austin filed the original Complaint on August 24, 1993, and he did not allege any theory of indemnification in the original Complaint. Even though the City was not a named defendant in the original Complaint[1], the City was dismissed from the lawsuit with prejudice on February 25, 1994. Austin did not seek indemnification from the City until December 16, 2014, more than nineteen years after the default judgment was entered.

The Seventh Circuit stated in *Jeffries v. Chicago Transit Authority*, 770 F.2d 676, 679 (7th Cir. 1985), that a claim will be barred by the doctrine of laches if the plaintiff has inexcusably delayed asserting a claim and a defendant has been materially prejudiced by the delay. In *Jeffries*, the Seventh Circuit found that a ten year delay in asserting a claim was manifestly unreasonable and inexcusable. The Seventh Circuit further stated that the longer the delay, the less prejudice a defendant must establish. In *Jeffries*, summary judgment was granted against the plaintiff on the basis of laches as there were no material issues of fact relating either to inexcusable delay or material prejudice.

Like federal law, under Indiana law, laches arises from the concept that the Court should decline to assist those who have slept on their rights. *Town of New Chicago v. City of Lake Station*, 939 N.E.2d 638, 652 (Ind. Ct. App. 2010). "Laches is neglect for an unreasonable length of time, under circumstances permitting diligence, to do what in law should have been done."

---

[1] The City, through its attorney, defended the officers who were sued in their official capacities, as by law that was an action against the City, their employer.

*Gabriel v. Gabriel*, 947 N.E.2d 1001, 1007 (Ind. Ct. App. 2011). "The general doctrine is well established and long recognized: Independently of any statute of limitation, courts of equity uniformly decline to assist a person who has slept upon his rights and shows no excuse for his laches in asserting them." *SMDfund, Inc. v. Fort Wayne-Allen County Airport Authority*, 831 N.E.2d 725, 729 (Ind. 2005). Laches is neglect, for an unreasonable or unexplained length of time, under such circumstances permitting diligence, to do what in the law should have been done. *Haas v. Holder*, 32 N.E.2d 590, 593 (Ind. 1941).

In response to the City's motion for summary judgment, Austin disputes that he unreasonably lacked diligence to collect on the judgment prior to December 16, 2014. Austin also disputes whether there is any prejudice to the City. Austin claims that the City has known about the judgment against Austin since the date the judgment was entered in 1995 and should not now be able to claim a defense of laches.

However, Austin ignores the fact that the City was not a party to this litigation until this Court granted the City's motion to intervene. The City filed a motion to intervene after Austin requested on December 16, 2014 to have the City pay the default judgment entered nineteen years earlier against Niblick, and Austin is asking that substantial post-judgment interest be included. Thus, from a procedural perspective, this case is far different from the more typical scenario where a party to a case delays pursing a claim or defense.

Austin also ignores the Seventh Circuit Court of Appeals observation that the parties are "free to litigate other issues about the indemnity obligation. For example, if properly raised, the district court may consider the timeliness of Austin's motion, given that he filed it nineteen years after the judgment was issued." *Austin v. Niblick*, 626 Fed. Appx. 167, 171 (7th Cir. 2015).

6

Despite being represented by counsel, Austin's first attempt to hold the City liable for the default judgment, plus substantial post-judgment interest, was not until December 16, 2014. Clearly, an attempt to enforce an old judgment by way of indemnification from a municipal entity should be barred as a matter of law by laches where the party seeking enforcement failed to diligently pursue the indemnification claim. Austin could have, and should have, moved for the requested relief at a much earlier point in time.

Austin states in conclusory fashion in his Affidavit that he made efforts to collect the judgment against Niblick and assert an indemnification claim against the City "beginning in 1999 and continuing to 2014." (Doc. 68-1, para. 2). Yet, he attaches no correspondence, letters, emails, or notes from those supposed efforts. His Affidavit is silent as to the names of the persons he supposedly contacted within the City to discuss enforcement of the judgment against Niblick, and is also silent as to the dates and times in which those communications occurred. These generic and self-serving allegations cannot preclude summary judgment in favor of the City on its laches argument. Conclusory allegations and self-serving affidavits cannot preclude summary judgment. *Haywood v. N. Am. Van Lines, Inc.*, 121 F.3d 1066, 1071 (7th Cir. 1997).

The only efforts in the record as to Austin's attempt to assert an indemnification claim consists of his July 23, 2014 demand letter to the City, a demand the City rejected. Aside from his conclusory and self-serving affidavit, there is no evidence in the record to support Austin's theory of alleged prior attempts to seek indemnification from the City.

Austin argues that "the City had every opportunity in 2014 to object to [his] motion for indemnification on the basis that the claim was stale, but it failed to do so." (Doc. 67, p. 4). This assertion ignores the uncontroverted fact that until December 16, 2014, Austin had filed nothing

with this Court seeking enforcement of the Niblick judgment as against the City. Clearly, the City, not being a party to the case until the end of 2014, had no legal obligation to raise any defenses. That the City knew about the default judgment against Niblick did not impose upon it any obligations to raise any issues related to that default judgment when the City was not a party to the litigation.

It is also apparently Austin's position that the City somehow waived its right to raise laches by arguing in this Court and the Appellate Court about the merits of whether statutory indemnification applies. (Doc. 67 at p. 2). Without benefits of any supporting legal authority, Austin wants this Court to conclude that the City waived any laches defense to the default judgment by not raising the laches argument earlier. However, the City's present summary judgment motion raising the laches defense was filed in response to the Seventh Circuit's invitation to address further issues upon remand, including the timeliness of Austin's request for indemnification nineteen years after entry of the default judgment against Niblick.

Austin ignores the fact that he did not file proceedings supplemental until just recently. In response to that filing, the City raised laches by way of summary judgment. Procedurally there is nothing improper or untimely as to raising of this defense.

This Court finds that Austin waited an inexcusable length of time, almost twenty years, to first assert an indemnification claim against the City. Austin's delay is inexcusable. Indiana has long had a statute under which a municipality, like the City of Fort Wayne, may be required to indemnify for a civil rights claim and resulting judgment against a public employee, like Niblick. Austin could have availed himself of that statute long ago but he failed to do so.

Another important factor is that Austin was represented by counsel, Attorney Ellis, from

the inception of this case many years ago until April 20, 2015, when this Court granted Attorney Ellis' motion to withdraw. (Doc. 48). As the Seventh Circuit Court of Appeals acknowledged, Austin filed this case with the assistance of counsel. Under Indiana law, the action or inaction of a lawyer is properly imputed to his or her client. *Farm Credit Services v. Estate of Decker*, 624 N.E.2d 491, 495 (Ind. Ct. App. 1993). The attorney's actions or inactions are imputed to the client even though the attorney may have been negligent. *Mirka v. Fairfield of America, Inc.*, 627 N.E.2d 449, 450 n. 1 (Ind. Ct. App. 1994).

Finally, prejudice to the City, if it is required to pay the judgment against Niblick and years of post-judgment interest, is self-evident. A governmental entity should not be required to respond in damages for conduct of a former employee when the individual who owns the judgment, Austin, failed to timely pursue available avenues, including an indemnification claim against the City.

Accordingly, for all the above reasons, the City's motion for summary judgment will be granted.

## Conclusion

On the basis of the foregoing, the City's motion for summary judgment [DE 64] is hereby GRANTED.

Entered: August 6, 2016.

s/ William C. Lee<br>
William C. Lee, Judge<br>
United States District Court